No. 8970.

THE STATE EX REL. W. H. AYMAR VS. THE JUDGE OF THE TWENTY-SECOND JUDICIAL DISTRICT COURT ET AL.

In an injunction suit to restrain a tax collector from proceeding with advertisement and sale of property for taxes, when judgment is rendered dissolving the injunction and ordering the tax collector to proceed with the sale to satisfy the taxes and naming the amount thereof, this last portion of the decree is not to be treated as a *moneyed judgment*, in estimating the amount of bond required for suspensive appeal.

APPLICATION for Writs of Mandamus and Prohibition.

*R. G. Dugué* and *Blanc & Butler* for the Relator.

*F. B. Earhart,* District Attorney, and *Simms & Poché* for the Respondents.

The opinion of the Court was delivered by

FENNER, J. The tax collector of the Parish of St. James had seized and advertised for sale a plantation belonging to relator, to satisfy State and Parish taxes for 1875 and 1876, with fees, costs and interest.

Relator, averring certain illegalities in the assessment and description of the property, applied to the District Court for, and obtained an injunction, on a bond for two hundred and fifty dollars, restraining the tax collector from proceeding with the sale. After issue joined and trial had, final judgment was rendered, dissolving the injunction, ordering the sheriff to proceed and sell the property, to satisfy the identical taxes for which he was originally proceeding when enjoined, condemning the relator and surety on his injunction bond to pay five per cent. attorneys' fees, and relator alone to pay costs of the proceedings.

Relator made seasonable application for a suspensive appeal, and contends that he was entitled to the same, upon giving bond in an amount exceeding, by one-half, the attorneys' fees and costs which he was condemned to pay. The Judge, however, refused to grant a suspensive appeal, save upon a bond for one-half over and above the amount of the entire taxes, fees, costs and interest.

Hence, these applications.

Relator was clearly entitled to his appeal upon a bond exceeding, by one-half, the amount of fees and costs. No other moneyed judgment was rendered against him. That portion of the decree which, after dissolving the injunction, orders the tax collector to proceed with the sale to satisfy the taxes, through naming the amount thereof, is not a *moneyed judgment,* and, indeed, strikes us as pure surplusage, since such proceeding was the natural consequence of the dissolution

of the injunction. The only question involved in the case was, whether the tax collector should be allowed to proceed with the sale or not. If it had been decreed that the injunction should be made perpetual and the tax collector restrained from proceeding, *that* would not have been a *moneyed judgment.* Neither is the decree, actually rendered, dissolving the injunction and ordering the tax collector to proceed, a moneyed judgment.

The case is fully covered by the authorities cited by relator. 21 An. 152; 29 An. 793; 30 An. 315; 34 An. 1211.

It is, therefore, ordered that the writs of mandamus and prohibition herein issued be made peremptory.